Nancy CAMPBELL, Plaintiff–Respondent,

v.

Harry SIEGFRIED, Robert Coombs, d/b/a Eagle Rock Company, Defendants–Appellants.

No. 59629.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 4, 1992.

Donald Singer, Edwards, Singer & Wolk, Clayton, for defendants-appellants.

Robert E. Jones, Jones & Jones, Clayton, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendants, Harry Siegfried and Robert Coombs, d/b/a Eagle Rock Company, appeal from the judgment of the trial court in favor of plaintiff, Nancy Campbell, that set aside a collector's deed to certain real estate, which the Collector of Revenue of St. Louis County, Missouri, (Collector) had issued to defendants. We affirm.

Our standard of review is guided by the oft-cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The record reveals that, on August 25, 1986, defendants paid back taxes of $633 and received a certificate of purchase from Collector for a parcel of real estate located at 10156 Imperial Drive, St. Louis County, Missouri (property). The record owner of the property at the time of the tax sale was Raymond V. Birdnow, Jr. (Birdnow). On July 21, 1987, Birdnow sold the property to plaintiff by general warranty deed. That deed was recorded. As part of this transaction, Investor's Title Company examined the title and discovered the sale for back taxes; but did not inform plaintiff of the sale. Plaintiff did know about the back taxes but thought Investor's Title Company had taken care of paying them.

In May 1988, defendants requested and received a letter report from Investor's Title Company which informed them of the warranty deed from Birdnow to plaintiff. In August 1988, defendants filed with Collector an affidavit stating that a title search had revealed no publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate. Defendants did not notify plaintiff either that they had purchased the property for delinquent taxes, or that they had requested a collector's deed, or that she had the right to redeem the property pursuant to § 140.340, RSMo (1986).

On November 13, 1989, plaintiff filed her petition to set aside the tax sale. The trial court found in favor of plaintiff, setting aside the collector's deed and imposing a lien in favor of defendants "in the amount of [$633] plus [ten] percent compounded annually from August 25, 1986, until satisfied."

Defendants raise three points on appeal. The salient issue is presented in Point I: whether the holder of the purchase certificate obtained in a tax sale of real estate must give notice that he is acquiring a collector's deed to an owner who was not the record owner at the time of the tax sale but who subsequently purchased the property during the redemption period.[1] Defendants argue that § 140.405, RSMo (Cum. Supp.1990) sets out those persons entitled to notice and does not mention an owner or a subsequent purchaser. That statute reads in relevant part:

> Any person purchasing property at a delinquent land tax auction ... shall not acquire the deed to the real estate ... until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in said real estate.

Defendants argue that plaintiff is not a "person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate...." under the statute.

In construing a statute, words and phrases are taken in their ordinary and usual sense. § 1.090, RSMo (1986). In examining § 140.405, we favor a construction that avoids unjust or unreasonable results.

---

1. We note that, in compliance with § 140.170, RSMo (1986), the original owner at the time of the tax sale, Birdnow, did have notice that the property was going to be sold for taxes.

**158**

*See State ex rel. McNary v. Hais,* 670 S.W.2d 494, 495 (Mo. banc 1984).

Here, the language of § 140.405 is couched in terms which go from the specific "deed of trust" to the more general "lien" or "claim." It would appear to include anyone who has not received prior notice of the sale, but who has an interest that could be lost when the collector's deed is issued.

As the subsequent purchaser of the property after the delinquent tax sale had taken place, plaintiff did not have notice of the tax sale. As the purchaser of the property during the two year statutory period of redemption, plaintiff's interest could be lost when the collector's deed was issued. Therefore, plaintiff would have, at the very least, the equivalent of a "claim upon that real estate." The trial court did not err in holding that plaintiff, as the title owner at the time defendants sought a collector's deed, was in a class of persons entitled to notice under § 140.405. Defendants' first point is denied.

Defendants' second point is that either the previous owner, Birdnow, or Investors Title Company, or plaintiff's father acted as plaintiff's agent, with the result that notice of the tax sale to any one of these persons constituted notice to plaintiff. This contention is not supported by the record. There was no evidence that any of those persons mentioned above operated as plaintiff's agent, such that their knowledge of the tax sale should be imputed to her. Defendants' second point is denied.

In their third point, defendants challenge the trial court's determination that the original publication of the tax sale notice was defective because of an improper abbreviation contained therein. In view of our holding that plaintiff was entitled to notice when defendants sought a collector's deed, we need not address that issue.

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.