**Jerry D. JAMES and Becky James, Respondents,**

**v.**

**Leo M. MULLEN, and Credit Card Corporation, and Benny C. Odom, Collector of Cass County, Missouri, Appellants.**

**No. WD 46523.**

Missouri Court of Appeals, Western District.

May 4, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied June 29, 1993.

Peter J. Koppe, Kansas City, for appellants.

William G. Snyder, Independence, Vickie Thomas, Harrisonville, for respondents.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Jerry James and Becky James filed suit against Leo M. Mullen, Credit Card Corporation and the Cass County Collector to set aside a collector's deed by which real estate owned by the Jameses was conveyed to the Credit Card Corporation following a sale of such property for unpaid real estate taxes. The court entered judgment setting aside the collector's deed and Mullen and Credit Card Corporation appealed.[1] Mullen con-

1.  Apparently Mullen is the president of Credit Card Corporation and in the transactions men-

tioned in this case acted for the Corporation. For ease of reference Mullen and Credit Card

tends the court erred in setting aside the deed for his failure to comply with § 140.-405, RSMo Supp.1987. Affirmed.

The Jameses purchased the real estate located in Cass County involved in this case in 1981. In 1983, the Jameses moved to California where they lived until 1986. Upon their return to Missouri, Becky went to the collector's office in Cass County to inquire about the tax status of their property. She was informed that the taxes had been paid but was not told who had paid the taxes or that there had been a tax sale of their property.

Unknown to the Jameses, Mullen had purchased their property at a delinquent tax sale in August 1986. In 1989, Becky found an envelope in her mailbox from Mullen in which was enclosed a quit-claim deed to the property, a ten dollar bill, and a note stating that she needed to sign the deed as soon as possible. Thereupon, Becky again checked with the collector's office and learned that their property had been sold in 1986 to Mullen for failure to pay real estate taxes. Becky also learned that in January 1989 the collector had issued a deed to Mullen to their property. Those events led to the filing of this case.

Becky testified that when she checked with the collector's office after returning from California that she gave them her new address in Garden City, Missouri. Becky further testified that she had never received any notification that the collector was going to execute a deed to the property.

■ The principal issue tried was whether or not § 140.405 required Mullen to send notice to the Jameses as the owners of the property. Mullen contended that he had a title search made and that it revealed that there was no mortgage, deed of trust, or lien filed on the property and, therefore, he was not required to notify anyone prior to receiving a collector's deed. The court held that Mullen was required to give notice by § 140.405 to the owners and ordered the collector's deed to be set aside for failure to give such notice to the Jameses. The judgment ordered the Jameses to pay all back taxes together with interest and the cost of the title search obtained by Mullen.

Section 140.405 so far as pertinent to the facts of this case provides:

> Any person purchasing property at a delinquent land tax auction ... shall not acquire the deed to the real estate ... until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate.

On this appeal, Mullen contends that § 140.405 did not require him to give notice to the Jameses because the section only applies to those who hold a mortgage, lease, deed of trust or lien on the property. In *Campbell v. Siegfried*, 823 S.W.2d 156, 157–58 (Mo.App.1992), the court analyzed § 140.405 for the purpose of ascertaining whether or not it applied to a person who was the owner of the real estate at the time a collector's deed was sought. The court held that the title owner at the time a person seeks a collector's deed is in the class of persons entitled to notice under that section. This court finds the reasoning in *Campbell* to be persuasive and holds that § 140.405 requires notice to be sent by certified mail within the time set out in the statute to the owner of the property as shown by the public records at the time the collector's deed is sought.

In this case, the Jameses were shown by the records in Cass County to have been the owners of the property at the time Mullen sought the delivery of the collector's deed. He was required by § 140.405

Corporation will be referred to simply as Mullen.

to notify the Jameses by certified mail of their right to redeem the property at least 90 days prior to the date he was authorized to receive a collector's deed. The court correctly held that because of the failure of Mullen to notify the Jameses pursuant to § 140.405, the collector's deed would be set aside.[2]

■ Mullen also contends that the judgment does not contain any rationale to demonstrate how the court reached its decision. Mullen did not request findings of fact and conclusions of law and is thereby precluded from complaining about the lack of such findings. *In re Marriage of Fortune*, 671 S.W.2d 436, 437 (Mo.App.1984).

■ Mullen further complains that there is no formal judgment but only a judgment hand written by the judge in the court's docket. Under *Sears v. Norman*, 543 S.W.2d 300, 304[5] (Mo.App.1976), the judgment was sufficient.

The court correctly declared and applied the law. The judgment is affirmed.

All concur.

___

**2.** Mullen makes an alternative argument that if required to send notice to the Jameses that he complied by doing so. Mullen sent some notice to the Jameses after their return from California but it was sent to the address where they lived prior to moving to California and they did not receive it. There was evidence that at the time Mullen sent the notice, the Jameses' correct address was available in the collector's office.