**Will Craig HUTCHISON, Plaintiff–Appellant,**

v.

**Robert CANNON, Defendant– Respondent.**

No. 23389.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 2000.

Philip J. Metz, Law Office of Philip J. Metz, P.C., Joplin, for Appellant.

John Sims, Sims, Johnson & Wood, Neosho, for Respondent.

PHILLIP R. GARRISON, Judge.

The issue in this case is the validity of a Collector's Deed to property sold at a tax sale when the purchaser did not give notice of the right to redeem to the person who was the publicly recorded owner of the property.

The property in question is approximately twenty-five acres in Newton County, Missouri which was titled to Plaintiff, Will Craig Hutchison ("Hutchison"), and his deceased parents, as joint tenants. The Newton County Collector sold the property at a tax sale on August 26, 1991 to Defendant, Robert Cannon ("Cannon"), who was the high bidder at $550. On September 7, 1993, Cannon received a Collector's Deed to the property without sending any notices referred to in § 140.405[1] which, at that time, provided:

> Any person purchasing property at a delinquent land tax auction, other than persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250, shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the follow-

---

1. All references to statutes are to RSMo 1994 unless otherwise indicated.

ing requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate.[2]

On August 24, 1994, Hutchison filed a petition against Cannon praying that the tax sale and Collector's Deed be declared null and void, and that fee simple title to the property be declared vested in Hutchison. In support, he alleged, *inter alia,* that the tax sale and Collector's Deed were void because Cannon, by not sending notice to him or his attorney-in-fact, did not comply with the terms of § 140.405.[3] Cannon filed a counterclaim seeking to quiet the title in the subject property in himself.

At a trial before the court, Cannon testified that he did not send any notices to Hutchison. He said that the only address he had was the one on tax receipts which was the address of the property. He said that he checked with neighbors of the property and found out that Hutchison's parents were deceased. He also asked some neighbors about where Hutchison was and looked in the telephone book, but did not find him. Cannon was not sure, however, whether those efforts took place before or after he received the Collector's Deed.

The trial court entered a judgment in favor of Cannon on both Hutchison's petition and Cannon's counterclaim, and declared Cannon the owner of the property in question. Hutchison appeals, claiming that the trial court erred in entering judgment for Cannon because of his failure to comply with the requirement of § 140.405 that the purchaser of land at a delinquent tax sale send notice to the publicly recorded owner by certified mail at least ninety days prior to obtaining the Collector's Deed, and provide the Collector an affidavit that proper notice had been given.[4]

■ In a court-tried case, we are to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We are to exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong. *Id.* Where, as here, no findings of fact or conclusions of law were requested or entered by the trial court, it will be presumed that all findings of fact were found in accord with the judgment and we uphold the judgment under any reasonable theory presented and supported by the evidence. *Kueffer v. Brown,* 879 S.W.2d 658, 661 (Mo.App. E.D.1994).

**2.** Section 140.405 was amended in 1996 and 1998. Whereas the earlier version of the statute required that "[n]otice shall be sent by certified mail to any such person at his last known available address," the 1996 amendment provided "[n]otice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address."

**3.** Hutchison's attorney had a power of attorney that had been recorded in the Recorder's Office authorizing him to act for Hutchison in connection with the real estate in question. The power of attorney had been used by the attorney to sell portions of a larger tract of which this was a part, and to otherwise deal with the property.

**4.** The version of § 140.405 in effect at the time of the tax sale and collector's deed did not require the affidavit referred to by Hutchison in this appeal.

The version of § 140.405 applicable here required that at least ninety days prior to the date when a purchaser is authorized to acquire a Collector's Deed, that thê purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate of that person's right to redeem his publicly recorded security or claim, and that the notice be sent by certified mail to the person at his last known available address. This provision has been construed to require that such a notice also be sent by certified mail to the owner of the property as shown by the public records at the time the collector's deed is sought. *James v. Mullen,* 854 S.W.2d 577, 578 (Mo.App. W.D.1993).

▬▬▬ The requirement of § 140.405 referred to above is couched in the mandatory term *shall.* Additionally, that section provides that the "[f]ailure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate." The use of the word "shall" in a statute is generally interpreted as mandatory. *State v. Muegge,* 842 S.W.2d 192, 195 (Mo.App. E.D.1992). It is clear that when a statute mandates that something be done by providing that it *shall* occur, and it also provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. *Id.* The provisions of § 140.405 concerning the giving of notice to the owner and the consequences of the failure to do so are, therefore, mandatory in nature and not merely directory.

In the instant case, Cannon said that the only address he had was from earlier tax receipts, which he said was the address for the property in question. Based on that,

he argues that a notice to Hutchison at that address would have been futile. We note, however, that nothing in the evidence spoke to whether the postal service had a forwarding address for Hutchison on file.

Assuming, without deciding, that the address which Cannon had was the "last known available address" for Hutchison,[5] the fact remains that he did not follow the mandatory requirement of § 140.405 by sending a notice by certified mail to that address. The statute does not say that the purchaser shall send the notice only if he considers it to be a valid address, or only if he believes it will actually reach the owner. Instead the legislature has clearly and distinctly spoken by requiring that the notice be sent to the last known available address. That was admittedly not done in this case, which, according to § 140.405, must result in Cannon losing all interest in the real estate. Accordingly, the judgment of the trial court must be reversed.

We note that Cannon did not request relief in his counterclaim for any taxes paid on the property or for the amount paid at the tax sale. The judgment of the trial court is reversed and the case is remanded to the trial court with directions to enter a judgment for Hutchison with regard to his amended petition to set aside the tax sale, and with regard to Cannon's counterclaim, all in accordance with this opinion.

PREWITT, J., and BARNEY, C.J., concur.

---

**5.** We know from an attachment to a motion for summary judgment which was filed with the trial court that the power of attorney executed by Hutchison specifically described real estate which included the property in dispute here. Since the exhibits introduced at trial have not been filed with this court, we do not know whether the title search performed by Cannon would have disclosed the

fact that Hutchison had empowered his attorney in fact to have full control of the property, and that such person would presumably know Hutchison's address. We also do not decide whether records in the recorder's office such as the power of attorney and other conveyances involving Hutchison, which contained his address, should have been searched to determine the "last known available address."