Stephen BULLARD, Plaintiff–
Appellant,

v.

Steven HOLT, Jasper County Collector
of Revenue, and Teresa M. Schirm-
er/Johnson, Defendants–Respondents.

No. 26296.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 2005.

Cobb Young, Joplin, for appellant.

Steven Holt, Jasper County Collector of
Revenue, Carthage, Teresa M. Schirm-
er/Johnson, Joplin, pro se.

NANCY STEFFEN RAHMEYER, Judge.

The titled owner of property located at 2704 Jackson, Joplin, Missouri ("the property"), which was sold by the Jasper County Collector, brought suit against the purchaser of the property alleging he had not been given proper notice of his right to redeem the property and that inadequate consideration was paid for the property. The trial court found in favor of the purchaser, Teresa M. Schirmer–Johnson ("Johnson"), and against the titled owner, Steven Bullard ("Bullard"). Bullard brings two points on appeal, both concerning the alleged lack of notice of his right to redeem the property.

The parties stipulate to most of the relevant facts; they agree the appeal is an issue of law for the trial court. We produce the following timeline to assist in understanding the sequence of events:

Jul 1983 Bullard and his wife, Brenda, purchased the property as rental property; Bullard never lived there; the mortgage company paid the real estate taxes throughout the fifteen-year mortgage.

Jun 1989 Bullard's marriage dissolved and he became the sole owner of the property per the dissolution decree; Brenda was awarded the marital home, where she continues to reside.

1992 Bullard moved to Wisconsin and filed a change of address form with the post office; Maynard Realty managed and rented the property.

1995 Bullard moved to Minnesota.

Jul 1998 Mortgage paid in full; Bullard does not receive any tax statements because they were sent to his former Joplin address of 1992.

Aug 2000 Johnson purchased the property at a tax sale for $3100; Maynard Realty still managed property with sign in yard; Johnson contacted Maynard about purchasing the property from Bullard; tenants continued to occupy the property, rent paid to Bullard.

May 2001 Maynard sold assets to Broshears Realty; Bullard listed the property for sale with Broshears Realty, which placed a "For Sale" sign in the yard; the property listings ranged from $50,000.00 to $59,000.00; the sign remained on the property until after Broshears was notified of Johnson's interest in the property.

Aug 2, 2002 After a title search, Johnson sent notice by certified mail regarding purchase to Bullard at Bullard's former Joplin address; Johnson determined how to send notice to the three remaining people in the title search by looking in the phone book; she called directly two of the three others listed in the title search and called the "Board of Administration" to ascertain whether there was a teacher by the name of Brenda Bullard employed with the district when Johnson discovered Brenda Bullard may be a teacher in Joplin; Bullard did not receive the notice, nor did Brenda, who has remarried and uses the name "Davis."

Aug 20, 2002 Two and one-half weeks later, Johnson received from the post office the undelivered notice that was sent to Bullard.

Dec 2002 Johnson received a deed from the Jasper County Collector for the property.

Apr 2003 Suit filed by Bullard to set aside the tax deed.

 Bullard bases his argument regarding inadequate notice on both a statutory and a constitutional foundation. We find Bullard's first point regarding the appropriate statutory notice to be persuasive.

Bullard argues that section 140.405[1] mandates that a letter be sent by certified mail to a person's "last known available address" and that Johnson did not comply with the statute when she sent a notice to an address she knew was not the address of the property owner.

Bullard points to the uncontroverted evidence that Johnson saw the Maynard Realty and Broshears Realty signs in the property yard, observed renters in the property by her inspections, and she even talked to Maynard about her interest in purchasing the property. During the period of time beginning from when she "purchased" the property at the tax sale until she received the tax deed, Johnson was aware that the owner of the property received rent from the tenants. After Johnson received the collector's deed, she promptly went to the owner of Broshear's Realty to request the keys to the property. Bullard produced evidence that his correct address was contained in the real estate company's records and a representative of the real estate company testified he would have notified Bullard immediately had he received any notice.

Johnson argued, and the trial court agreed, that notice pursuant to the statute was satisfied with the mailing of a notice to the address listed by the Jasper County Collector of Revenue. Johnson claimed she had no further statutory or constitutional duty to provide notice to Bullard. She admitted that she made no further effort to notify Bullard even though the post office returned as undeliverable her "notice" to Bullard.

The trial court, relying upon *James v. Mullen*, 854 S.W.2d 577, 578 (Mo.App. W.D.1993), and *Hutchison v. Cannon*, 29 S.W.3d 844 (Mo.App. S.D.2000), found that Johnson had complied with what was required by the statute by sending notice to Bullard's last known available address. The court stated the term "last known available address" meant the address on the tax records and none other. The trial court did not address the constitutional issue as requested by Bullard in his request for Findings of Fact and Conclusions of Law nor indicate that Johnson was to use any reasonable means to actually notify Bullard.

We shall begin our analysis with *James*. The issue in *James* was whether section 140.405 required the purchaser to send notice to the owners of the property. *James*, 854 S.W.2d at 578. The purchaser contended he was not required by the statute to send any notice to anyone because there was no mortgage, deed of trust, or lien filed on the property. *Id.* The holding in the case was that section 140.405 required notice to be sent by certified mail within the time set out in the statute to the owner of the property as shown by the public records at the time the collector's deed was sought. *Id.* The issue of *where* the notice was to be sent to the owner was not addressed by the parties or decided by the court.

Likewise, in *Hutchison*, the purchaser of the property did not send any notice pursuant to section 140.405 on the theory that the only address he had for the owner of the property was the one on the tax receipts. *Hutchison*, 29 S.W.3d at 846. Since the purchaser knew the owner did not reside at the property address, he reasoned sending notice there would have been futile. *Id.* at 847. The purchaser checked with neighbors and looked in the

---

**1.** Section 140.405 requires the purchaser of property at a delinquent land tax auction to give notice of the intent to acquire a deed at a tax sale to "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the . . . right to redeem." All statutory references are to RSMo 2000 unless otherwise indicated.

telephone book, but was unable to locate an alternative address for the owner. *Id.* at 846. This Court found that the version of section 140.405 applicable to the transactions required that the owner of the property, as shown by the public records at the time the collector's deed is sought, be sent notice. *Id.* at 847.

Contrary to the trial court's conclusion of law in the present case that the *Hutchison* court indicated that the notice must be sent only to the address as listed on the tax records, this Court specifically noted:

In the instant case, Cannon said that the only address he had was from earlier tax receipts, which he said was the address for the property in question. Based on that, he argues that a notice to Hutchison at that address would have been futile. We note, however, that nothing in the evidence spoke to whether the postal service had a forwarding address for Hutchison on file.

Assuming, without deciding, that the address which Cannon had was the 'last known available address' for Hutchison, (FN5) the fact remains that he did not follow the mandatory requirement of § 140.405 by sending a notice by certified mail to that address. The statute does not say that the purchaser shall send the notice only if he considers it to be a valid address, or only if he believes it will actually reach the owner. Instead the legislature has clearly and distinctly spoken by requiring that the notice be sent to the last known available address.

*Id.* In footnote number five, this Court further stated:

We know from an attachment to a motion for summary judgment which was filed with the trial court that the power of attorney executed by Hutchison specifically described real estate which included the property in dispute here. Since the exhibits introduced at trial

have not been filed with this court, we do not know whether the title search performed by Cannon would have disclosed the fact that Hutchison had empowered his attorney in fact to have full control of the property, and that such person would presumably know Hutchison's address. We also do not decide whether records in the recorder's office such as the power of attorney and other conveyances involving Hutchison, which contained his address, should have been searched to determine the 'last known available address.'

*Id.*

As noted, this Court indicated the purchaser in *Hutchison* did not show whether the title search would have disclosed the power of attorney, which had been recorded in the Recorder's Office, or whether records of other conveyances involving the owner should have been searched to determine the "last known available address." At no time did this Court indicate whether a purchaser complies with the statute by only sending notice to the address on the tax records when the purchaser has actual notice that the address is incorrect and when the correct address is readily attainable. We do so now.

 In order to satisfy the statutory requirement that notice be given to the owner at the "last known available address," we hold that the purchaser must use due diligence to notify the owner at the last known "available" address. What that means is that the word "available" in section 140.405 encompasses the concept that reasonable efforts should be used to notify the owner that someone else is claiming an interest in the property. We acknowledge that due diligence will be a factual question that varies from case to case, but we have no problem holding, under the facts of this case, that the purchaser did not make any reasonable effort

to notify the titled owner of the property about her claimed interest in the property.[2]

The purchaser, Johnson, had actual knowledge that the tax records did not have an accurate address for the titled owner when the notice was returned to her. She had actual notice that two different real estate companies were working for the owner and the property had been listed for sale. She knew that the property was continuously being rented and was not abandoned. She went so far as to express an interest in purchasing the property to one of the property managers. In contrast, Johnson used some diligence to notify a title company and trustee who appeared on the title search. She made one phone call to notify Brenda Bullard and sent the notice to a "Bullard" in the phone book, yet she made no effort to actually locate or to provide notice to the actual owner. Johnson had a legal obligation to notify Bullard where his legal rights to property were being affected; that obligation included using a reasonable effort to give him actual notice.

■ Although we do not reach Bullard's second point, that the failure to use due diligence violated the Fourteenth Amendment of the United States Constitution, we do find that our holding is consistent with elementary principles of due process. *See Estate of Broadhurst,* 737 S.W.2d 504, 507 (Mo.App. S.D.1987) (" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.' ") (*quoting Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Clearly, under the facts of this case, Johnson did not send notice to the last known available address pursuant to section 140.405. The judgments in favor of defendants are reversed; the case is remanded to the trial court to enter orders consistent with this opinion.

GARRISON, P.J., and PREWITT, J., concur.

---

2. Lest there be any misunderstanding, we are not saying that notice to an owner via the address listed in tax records is insufficient notice as a matter of law. Under the facts of a particular case, sending the notice to the address listed in the tax records may comply with the requirements that the purchaser use due diligence to provide notice.