**Victoria Saigh VALLI, Appellant,**

v.

**GLASGOW ENTERPRISES,
INC., Respondent.**

**No. ED 87220.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 12, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 24, 2006.

Application for Transfer Denied
Nov. 21, 2006.

Charles Francis Dufour Jr., Attorney, St. Louis, MO, for appellant.

Thomas A. Connelly, Attorney, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Victoria Saigh Valli ("Landowner") appeals from the trial court's judgment granting Glasgow Enterprises, Inc.'s ("Glasgow") motion for summary judgment and denying her motion for summary judgment on her verified petition for declaratory judgment. We reverse and remand for the trial court to enter summary judgment in favor of Landowner.

### Facts and Procedural History

On or about August 30, 1999, Landowner and her uncle Fred Saigh purchased real property in St. Louis County known as 6 Beverly Drive, St. Louis, Missouri 63132 (the "Property"), located in the Chevy Chase Subdivision. Title to the Property was vested in Landowner and Fred Saigh as joint tenants with the right of survivorship. Since the purchase of the Property, Landowner and her minor daughter continuously occupied and utilized it as their primary residence. On or about December 29, 1999, Fred Saigh died and Landowner became the sole owner of the Property. The record shows that taxes on the Property were not paid in 1999, 2000 and 2001. On August 26, 2002, Glasgow purchased the Property at the St. Louis County's tax sale. Subsequently, Glasgow paid St. Louis County real estate taxes on the Property for the years 2002, 2003, and 2004.

On May 11, 2004, Glasgow prepared a letter to Amanda A. Yancey ("Yancey Letter"), Trustee for Chevy Chase Subdivision, notifying her of its purchase of the Property pursuant to Section 140.405, RSMo 2000.[1] The Yancey Letter consists of a date ("May 11"), an addressee identification ("To: Amanda Yancey, Trustee for Chevy Chase Subdivision"), a sender identification ("From: Glasgow Enterprises, Inc."), a "re" line ("Re: 6 Beverly Dr."), and the following two paragraphs:

This is to inform you that on August 26, 2002, the Collector of Revenue of St. Louis County Missouri offered the above-referenced real estate for sale in a delinquent tax sale. This offering was the third offering of such property by the Collector of Revenue. At the sale, Glasgow Enterprises, Inc. was the successful purchaser.

As per the statute if such publicly recorded deed of trust, mortgage, etc. is not redeemed in a timely manner, such recorded security or claim will be extinguished. *Notice is hereby given to any person who holds a publicly recorded deed of trust per Section 140.250 & 140.405 of the revised statutes of Missouri* upon real property known as 6 Beverly Dr. Lot 1 in Block 6 of Chevy Chase, a Subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 24, Page(s) 10 and 11 of the St. Louis County Records. Locator # 17L310412. *Of such person's right to redeem within 90 days of the date of this notice.*

(Emphasis added).

On May 11, 2004, Glasgow also prepared a letter addressed to Fred Saigh and Landowner ["Landowner Letter"] pursu-

---

**1.** All subsequent statutory references are to RSMo 2000 unless otherwise indicated.

ant to Section 140.405. The Landowner Letter consists of a date ("May 11"), an addressee identification ("To: Fred Saigh & [Landowner]"), a sender identification ("From: Glasgow Enterprises, Inc."), a "re" line ("Re: 6 Beverly Dr."), and the following two paragraphs:

This is to inform you that on August 26, 2002, the Collector of Revenue of St. Louis County Missouri offered the above-referenced real estate for sale in a delinquent tax sale. This offering was the third offering of such property by the Collector of Revenue. At the sale, Glasgow Enterprises, Inc. was the successful purchaser.

As per the statute if such publicly recorded deed of trust, mortgage, etc. is not redeemed in a timely manner, such recorded security or claim will be extinguished. *Notice is hereby given to any person who holds a publicly recorded deed of trust per Section 140.250 & 140.405 of the revised statutes of Missouri* upon real property known as 6 Beverly Dr. Lot 1 in Block 6 of Chevy Chase, a Subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 24, Page(s) 10 and 11 of the St. Louis County Records. Locator # 17L310412. *Of such person's right to redeem within 90 days of the date of this notice.*

(Emphasis added).

Although Glasgow sent this letter to Landowner by certified mail to the Property, it appears from the record that Landowner never received it. After June 19, 2004, the Landowner Letter was returned "unclaimed" to Glasgow. On October 7, 2004, Glasgow recorded a "Collector's Deed for Taxes" regarding the Property in the St. Louis County Records.

On November 19, 2004, Landowner filed a Verified Petition for Declaratory Judgment in the St. Louis County Circuit Court seeking to cancel Glasgow's Collector's Deed and declare Landowner the lawful owner of the Property. On December 9, 2004, Glasgow filed its Answer to Landowner's petition, along with a two-count Counterclaim seeking to "quiet title" to the Property in Glasgow, or, alternatively seeking reimbursement for Property-related expenses incurred by Glasgow.

On January 7, 2005, Landowner filed a "Memorandum of Exercise of Right of Redemption and Deposit of Funds into Registry of Court" and deposited the sum of $50,000.00 with the Clerk of the St. Louis County Circuit Court.

Landowner and Glasgow each filed motions for summary judgment. The trial court denied Landowner's motion for summary judgment and granted Glasgow's motion for summary judgment. Landowner appeals.

### Standard of Review

"When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.* The trial court's ruling will be upheld if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. Rule 74.04(c).

### Analysis

Landowner asserts three points on appeal. We, however, will only address the first and third points because they are dispositive of the appeal. In her first and third points, Landowner argues the trial court erred in granting Glasgow's motion for summary judgment, and denying her

motion for summary judgment,[2] because Glasgow failed to comply with the requirements of Section 140.405. Specifically, Landowner argues that Glasgow failed to notify Landowner of her "right to redeem" the Property and the notice Glasgow sent to Landowner contained numerous erroneous and/or misleading statements in violation of Section 140.405.

Section 140.405 specifically states, in pertinent part:

> *Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following [notice] requirement* or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. *At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.* Notice shall be sent by certified mail to any such person, *including one who was the publicly recorded owner of the property* sold at the delinquent land tax auction previous to such sale, at such person's last known available address. *Failure of the purchaser to comply with this [notice] provision shall result in such purchaser's loss of all interest in the real estate. ... Once the purchaser has notified the county collector by affidavit that proper notice has been given,*

> *anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property. ...*

(Emphasis added).

This Section, as a prerequisite to an application for a Collector's Deed, imposes on purchasers several distinct notice requirements. First, this Section identifies who must be notified, that is, "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate" in question, "including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale." Second, this Section provides for how notice is to be provided, that is, "by certified mail ... at such person's last known available address." Third, this Section provides when notice must be sent, that is, "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed." Finally, this Section identifies what such persons are entitled to be notified of, that is, of their right to "redeem said property" within ninety days from the date the county collector receives an affidavit from the purchaser that "proper notice has been given," or such party will "be forever barred from redeeming said property."

The notice requirements of Section 140.405 use the term "shall." "It is clear that when a statute mandates that something be done by providing that it *shall* occur, and it also provides what results shall follow a failure to comply with

---

**2.** Typically, the denial of a summary judgment motion is not a final, appealable judgment. *Lopez v. American Family Mut. Ins. Co.*, 96 S.W.3d 891, 892 (Mo.App. W.D.2002). "When the merits of that motion, however, are inextricably intertwined with the issues in an appealable summary judgment in favor of

another party, then that denial may be reviewable." *Id.* Here, because we find the issues raised in the two summary judgment motions so intertwined, we will review the trial court's denial of Landowner's motion for summary judgment.

its terms, it is mandatory and must be obeyed." *Hutchison v. Cannon,* 29 S.W.3d 844, 847 (Mo.App. S.D.2000). The failure of a purchaser to comply with these notice provisions "shall result in [such purchaser's] loss of all interest in the real estate." *Id.* (internal quotations omitted) (reversing the trial court's judgment in favor of purchaser because purchaser failed to comply with the mandatory notice requirements of Section 140.405, RSMo 1994, and therefore, lost all interest in the property at issue); *Campbell v. Siegfried,* 823 S.W.2d 156, 157–58 (Mo.App. E.D.1992) (affirming the trial court's judgment setting aside purchaser's deed to the property because purchaser failed to comply with the notice requirements of Section 140.405, RSMo Cum.Supp.1990).

Here, we find the Landowner Letter prepared by Glasgow failed to comply with the mandatory notice requirements of Section 140.405. First, Glasgow's letter to Landowner failed to advise her of her right, as record owner of the Property at the time of the tax sale, to redeem the Property or be forever barred from doing so. Specifically, in relevant part, the Landowner Letter states:

> *Notice is hereby given to any person who holds a publicly recorded deed of trust* per Section 140.250 & 140.405 of the revised statutes of Missouri upon real property known as 6 Beverly Dr. Lot 1 in Block 6 of Chevy Chase, a Subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 24, Page(s) 10 and 11 of the St. Louis County Records. Locator # 17L310412. *Of such person's right to redeem within ninety days of the date of this notice.*

(Emphasis added). This language in Glasgow's letter to Landowner is identical to the body of the Yancey Letter. As such, it is improperly directed only to deed of trust holders.

Second, the Landowner Letter incorrectly states the length of time in which deed of trust holders may redeem the Property. According to this letter, the redemption period runs ninety days from the date of the letter, May 11, 2004. Pursuant to Section 140.405, however, the redemption period runs ninety days from the date on which Glasgow "notified the County Collector by affidavit *that proper notice has been given.*" (Emphasis added). This date, though not clearly set forth in the record, is certainly after May 11, 2004, which is the date the letter was prepared. In addition, this letter does not notify Landowner that she would be forever barred from redeeming the Property if she fails to redeem it within this ninety-day period.

As a result of Glasgow's failure to comply with the mandatory notice requirements of Section 140.405, Glasgow has lost any interest it obtained in the Property. *See* Section 140.405 ("Failure of the purchaser to comply with this [notice] provision shall result in such purchaser's loss of all interest in the real estate."); *Hutchison,* 29 S.W.3d at 847; *Campbell,* 823 S.W.2d at 157–58.

### Conclusion

The trial court erred in granting summary judgment in favor of Glasgow and its judgment is hereby reversed. We remand for the trial court to enter summary judgment in favor of Landowner.

REVERSED AND REMANDED WITH DIRECTIONS.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., Concur.