Peter T. KELLY and Sherry
A. Kelly, Respondents,

v.

Michael S. NELSON and Marsha
L. Nelson, Appellants.

No. WD 67374.

Missouri Court of Appeals,
Western District.

June 19, 2007.

Aaron J. Martin, Jefferson City, MO, for appellants.

Kenneth O. McCutcheon, Jr., Versailles, MO, for respondents.

Before BRECKENRIDGE, P.J.,
LOWENSTEIN and SPINDEN, JJ.

PATRICIA BRECKENRIDGE, Judge.

Michael and Marsha Nelson appeal the circuit court's grant of summary judgment in favor of Peter and Sherry Kelly, setting aside the county collector's tax deed to the Nelsons for real estate owned by the Kellys, which the Nelsons purchased at a tax

sale. The county collector issued the deed to the Nelsons when the two-year redemption period ended without receipt of a redemption payment from the Kellys. The circuit court found, however, that the Kellys had redeemed their property within the statutory time limit, because their redemption payment was deemed made as of the postmark date, pursuant to section 139.100, RSMo 2000.

On appeal, the Nelsons contend that the circuit court erred in applying the date the redemption payment was mailed, which was two days before the statutory time limit expired, rather than the date the payment was actually received by the county collector, which was seven days after the time limit for redemption had expired. Because section 139.100 is inapplicable to redemption payments under section 140.340 and the Kellys did not deposit with the county collector the required redemption amount within the two-year time limit, the trial court erred in granting summary judgment in favor of the Kellys. Accordingly, the trial court's summary judgment in favor of the Kellys is reversed and the case is remanded, with directions that the circuit court enter judgment in favor of the Nelsons on their motion for summary judgment to quiet title to the property.

**Factual and Procedural Background**

Peter Kelly owned a tract of land in Morgan County. Although not an owner of record, the parties agreed that Sherry Kelly acquired a marital interest in the property. On April 18, 2003, and June 2, 2003, the Morgan County Collector's Office notified the Kellys by mail that taxes on the property were delinquent for the years 2000, 2001, and 2002. The notice also informed the Kellys that the property would be sold in August of 2003, if the taxes were not paid. When the Kellys failed to pay the delinquent taxes, the Morgan County Collector sold the property, on August 25, 2003, to the Nelsons for $2900.

The Nelsons mailed a timely notice to the Kellys of their right to redeem the property by paying a redemption amount determined by law to the Morgan County Collector on or before August 25, 2005. After the Kellys received the notice, they contacted the Morgan County Collector and were told that the amount necessary to redeem the property was $1,902.39.

On August 23, 2005, the Kellys mailed a check in the amount of $1,902.39 from the post office in Florissant to the Morgan County Collector, via express mail, intended for delivery on August 24, 2005. The Morgan County Collector did not receive the check before the expiration of the redemption period on August 25, 2005. On August 26, 2005, the Morgan County Collector issued a Collector's Deed for Taxes to the Nelsons for the property. On September 1, 2005, the Morgan County Collector received the Kellys' check, but returned it to them with the explanation that the check could not be accepted because it was received after the expiration of the redemption period.

The Kellys subsequently filed a petition to set aside the tax deed granted to the Nelsons. The Nelsons filed a counterclaim to quiet title to the property. Both parties filed a motion for summary judgment. On August 14, 2006, the circuit court granted the Kellys' motion for summary judgment and denied the Nelsons' motion for summary judgment. The trial court's judgment specifically found that "it is reasonable to construe Section 139.100 RSMo with Section 140.340 RSMo to determine that [the Kellys] deposited the amount to redeem the real estate from the Morgan County Collector's Tax Sale within the time required by law." The Nelsons filed this appeal.

## Standard of Review

Appellate review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This court's criteria for ascertaining the propriety of summary judgment are the same as those that a trial court uses initially. *Id.* This court does not defer to the trial court's order granting summary judgment because the trial court's initial judgment is based on the record submitted and amounts to a decision on a question of law. *Id.* Summary judgment is appropriate where the moving party establishes a right to judgment as a matter of law and that no genuine issue of material fact exists. *Id.* at 377.

■ For movants who are the defending parties in a lawsuit, the *prima facie* showing required by Rule 74.04 is "necessarily different." *Id.* at 381. A defending party may establish a right to judgment, as a matter of law, by showing:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support

the movant's properly-pleaded affirmative defense.

*Id.*

## Trial Court Erred in Finding Redemption Timely

■ In their sole point on appeal, the Nelsons assert that the circuit court erred in granting the Kellys' motion for summary judgment and in denying their motion for summary judgment.[1] Specifically, the Nelsons contend that the trial court erroneously construed the language of section 139.100.4, RSMo 2000, governing the payment of current taxes due, as applicable to section 140.340, governing the redemption of real estate sold for delinquent taxes.[2] The Nelsons argue that section 140.340.1 clearly states that the redemption amount must be paid within two years of the tax sale date and that section 139.100.4 governs only the timely payment of taxes due and is not applicable to the payment of redemption payments. The Kellys, on the other hand, claim that the two statutes should be construed together because both relate to the payment of taxes. They assert that the circuit court's determination that they timely made their redemption payment was correct because their payment was postmarked August 23, 2005, two days prior to the expiration of the two-year redemption period. Thus, resolution of this case requires a determination of whether the legislature intended section 139.100.4 to apply to the payment

---

1. In general, "the denial of a summary judgment motion is not a final appealable judgment." *Valli v. Glasgow Enters., Inc.*, 204 S.W.3d 273, 276 n. 2 (Mo.App. E.D.2006). " 'When the merits of that motion, however, are inextricable intertwined with the issues in an appealable summary judgment in favor of another party, then that denial may be reviewable.' " *Id.* (citation omitted). In this case, because the issues raised in the Nelsons' and the Kellys' motions for summary judgment are so intertwined, this court will re-

view the trial court's denial of the Nelsons' motion for summary judgment. *Id.*

2. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated. Section 140.340 was amended in both 2003 and 2004. Because this cause of action arose prior to either amendment, however, the statute at issue in this case is the 2000 version.

of a redemption amount under section 140.340.1.

The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used. *United Pharmacal Co. of Mo., Inc. v. Mo. Bd. of Pharmacy*, 208 S.W.3d 907, 909 (Mo. banc 2006). In doing so, this court considers the words used in the statute in their plain and ordinary meaning. *Id.* at 910. "When the legislative intent cannot be determined from the plain meaning of the statutory language, rules of statutory construction may be applied to resolve any ambiguity." *Id.*

Chapter 139 of the Revised Statutes of Missouri covers the "Payment and Collection of Current Taxes." Subsection 4 of section 139.100 provides:

> For purposes of this section and *other provisions of law relating to the timely payment of taxes due on any real or personal property*, payments for taxes due on any real or personal property which are delivered by United States mail to the collector, the collector's office, or other officer or office designated by the county or city to receive such payments, of the appropriate county or city, *shall be deemed paid as of the postmark date stamped on the envelope or other cover in which such payment is mailed.* In the event any payment of taxes due is sent by registered or certified mail, the date of registration or certification shall be deemed the postmark date. No additional tax or penalty shall be imposed under this section on any taxpayer whose payment is delivered by United States mail, if the postmark date stamped on the envelope or other cover containing such payment falls within the prescribed period or on or before the prescribed date, including any extension granted, for making the payment or if the postmaster for the jurisdiction where the payment was mailed verifies in writing that the payment was deposited in the United States mail within the prescribed period or on or before the prescribed date, including any extension granted, for making the payment, and was delayed in delivery because of an error by the United States postal service and not because of an error by the taxpayer.

(Emphasis added.) Under the plain language of the statute, section 139.100.4 is applicable "[f]or purposes of this section and other provisions of law relating to *the timely payment of taxes due* on any real or personal property. . . ." (Emphasis added.) Thus, when the payment of taxes is due on any real or personal property, under section 139.100.4, the legislature clearly intended that taxpayers benefit from putting their payment in the mail by the tax due date, as evidenced by the postmark date stamped on the envelope received by the county collector.

Section 140.340.1, on the other hand, concerns how the owner or occupant of any land or lot that has been sold for taxes may redeem the property. Specifically, section 140.340.1 provides:

> The owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, may redeem the same at any time during the two years next ensuing, in the following manner: By paying to the county collector, *for the use of the purchaser,* his heirs or assigns, the full sum of the purchase money named in his certificate of purchase and all the cost of the sale together with interest at the rate specified in such certificate, not to exceed ten percent annually, with all subsequent taxes which have been paid thereon by the purchaser, his heirs or assigns, with interest at the rate of eight percent per annum on such taxes subsequently paid,

and in addition thereto the person redeeming any land shall pay the costs incident to entry of recital of such redemption.

(Emphasis added.) Under the plain meaning of this statute, a redemption payment is "for the use of the purchaser." Section 140.340.1. Moreover, at the time a redemption payment is made, i.e., after a tax sale, the purchaser of the property at the tax sale has already paid the delinquent taxes as part of the purchase price. *See, e.g.,* Section 140.190.1, RSMo Cum. Supp.2006 ("On the day mentioned in the notice, the county collector shall commence the sale of such lands, and shall continue the same from day to day until each parcel assessed or belonging to each person assessed shall be sold *as will pay the taxes,* interest and charges thereon, or chargeable to such person in said county." (emphasis added)). Thus, a redemption payment, while collected by the county collector, is for the benefit of the purchaser of the property at the tax sale and is *not* the payment of taxes due.

In addition, a redemption payment, under section 140.340.1, does not merely consist of the purchase price paid at the tax sale. Rather, a redemption payment is also made up of the costs of the sale, interest on the portion of the purchase price representing the prior delinquent taxes owing, any subsequent taxes paid on the property by the purchaser since the tax sale and interest on that sum, as well as any costs associated with recording evidence of the redemption. Section 140.340.1. None of these items relate to the "timely payment of taxes due." Section 139.100.4.

Finally, section 140.340.1 states that a redemption payment may be made "at anytime during the two years next ensuing" from the tax sale date. Thus, section 140.340.1, expressly provides a deadline for redemption. Unlike section 139.100.4, however, section 140.340.1, does not include a provision permitting landowners desiring to redeem property sold at a tax sale the benefit of the "postmark date." Had the legislature intended to extend the benefit of the postmark date to the payment of redemption payments, it could have so specified.

Section 139.100.4, under the plain and unambiguous language of the statute, is applicable to the timely payment of taxes due. Section 140.340.1, under the plain and unambiguous language of that statute, is applicable to redemption payments. Because a redemption payment is not the payment of taxes due, nor is either statute ambiguous, the trial court erred when it found that the two statutes should be construed together. *See Hunter v. County of Morgan,* 12 S.W.3d 749, 757 (Mo.App. W.D.2000) (only when legislative intent cannot be ascertained from plain and ordinary meaning of language is statute ambiguous and rules of statutory construction applied). Thus, the circuit court erred in granting the Kellys' motion for summary judgment by construing section 139.100.4 with section 140.340.1 to determine that the Kellys paid the redemption payment within the statutory time limit.

Under section 140.340.1, a redemption payment may be made "at anytime during the two years next ensuing" from the tax sale date. In this case, the redemption period expired on August 25, 2005. The Morgan County Collector's Office, however, did not receive the Kellys' redemption payment until September 1, 2005, seven days after the redemption period expired. Therefore, because the Kellys did not deposit with the county collector the required redemption amount within two years of the tax sale date, the Kellys failed to redeem the property within the statutory time period. Section 140.340.1. Consequently,

the trial court erred in finding that the Kellys' redemption payment was timely and in granting summary judgment in favor of the Kellys. Accordingly, the trial court's judgment is reversed and the case is remanded for entry of judgment in favor of the Nelsons on their motion for summary judgment to quiet title to the property. *See Valli v. Glasgow Enters., Inc.,* 204 S.W.3d 273, 276 n. 2, 277 (Mo.App. E.D. 2006).

All concur.

